**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ARNOLD CLAYTON,

        Petitioner,

vs.                                    Case No.:    3:16-cv-404-J-34MCR
                                                             3:13-cr-002-J-34MCR

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

This case is before the Court on Petitioner Arnold Clayton's "Emergency Motion of Judicial Notice," received by the Court on May 18, 2020. (Civ. Doc. 21, Motion). The gist of the motion is that FCI McDowell is violating Clayton's constitutional right of access to the courts by limiting inmates' time in the law library to one hour per week due to the novel coronavirus. Clayton asserts that this limitation is impeding his ability to conduct legal research and to timely file court documents. As relief, Clayton asks that the Court contact FCI McDowell "and order them to open access for me to use Lexis law library computer immediately." Motion at 2.

Clayton does not identify any briefing deadline or filing deadline that he has missed, or is in jeopardy of missing, because of the institution's limitation on the amount of time prisoners may spend in the law library. The Court has received Clayton's filings on the issue of whether to reopen the time to file a notice of appeal in this 28 U.S.C. § 2255 proceeding, and those filings are under consideration. (See Civ. Docs. 15, 20). No further briefing is required of Clayton on this matter, which the Court is working to resolve

expeditiously. Similarly, no further briefing is required of Clayton at this time before the Eleventh Circuit Court of Appeals, which has suspended the appellate proceedings pending this Court's resolution of whether to reopen the time to file a notice of appeal. See Clayton v. United States, No. 19–13207 (11th Cir.), Dkt. Entry of October 11, 2019 (Limited Remand Order).

If Clayton is in jeopardy of missing a briefing deadline, he may move in the relevant court (or the relevant administrative agency) for an extension of time. In doing so, he may cite FCI McDowell's lockdown protocol as cause for the extension. Clayton does not explain why requesting an extension of time is an inadequate remedy.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). However, "[t]he doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury." Holmes v. Strain, No. 16-16242-D, 2017 WL 4570517, at *2 (11th Cir. Jun. 14, 2017) (citing Lewis v. Casey, 518 U.S. 343, 349–50 (1996)). "Thus, the actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a non-frivolous legal claim." Id. (citing Lewis, 518 U.S. at 352–54). Because Clayton has not identified a briefing deadline that he has missed (or is in jeopardy of missing), nor has he identified a non-frivolous legal claim that he has been prevented from asserting, he has not alleged an injury in fact. As such, Clayton's "Emergency Motion of Judicial Notice" (Civ. Doc. 20)

is **DENIED**.[1]

      **DONE AND ORDERED** at Jacksonville, Florida this 26th day of May, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner

---

[1] The novel coronavirus "presents a significant challenge for prison officials to keep the prison environment safe and healthy for inmates and staff. This Court is aware that limited to no access to the law library [may be] a part of the protective procedure." <u>Allen v. Cardenas</u>, No. 19-cv-1610-JAH (RBB), 2020 WL 1984030, at *3 (S.D. Cal. Apr. 27, 2020). The Court makes no ruling on the constitutionality of FCI McDowell's decision to limit prisoners' access to the law library to one hour per week. However, the Court observes that prison administrators may be in the best position to make decisions about the day-to-day management of the prisons, including how to best protect inmates' health and safety in response to a novel viral pandemic.

3