## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ARNOLD CLAYTON,

        Petitioner,

vs.                                    Case No.:    3:16-cv-404-J-34MCR
                                                                         3:13-cr-002-J-34MCR

UNITED STATES OF AMERICA,

        Respondent.
_____

## ORDER

This case is before the Court on a limited remand from the Eleventh Circuit Court of Appeals to determine whether, under Rule 4(a)(6), Federal Rules of Appellate Procedure ("Rule(s)"), it should reopen the time for Clayton to appeal the denial of his motion to vacate sentence under 28 U.S.C. § 2255. (See Civ. Doc. 11, USCA Remand Order).[1]

On December 17, 2019, the Court directed the parties to submit supplemental documentation on the matter. (Civ. Doc. 14, Order). The Court ordered Clayton to submit a copy of the mailing envelope in which he received the Order and Judgment denying the § 2255 Motion. Id. at 3. The Court also directed an officer at McDowell Federal Correctional Institution, where Clayton is incarcerated, to submit a copy of Clayton's mailing records. Id.

---

[1] Citations to the record in the underlying criminal case, United States v. Arnold Clayton, No. 3:13-cr-002-J-34MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-404-J-34MCR, will be denoted as "Civ. Doc. __."

The Court has received and considered the parties' responses. (See Civ. Doc. 15, Motion for Judicial Notice and Supplemental Response ["Clayton's Response"]; Civ. Doc. 16, Warden's Response; Civ. Doc. 17, United States' Response; Civ. Doc. 20, Clayton's Supplemental Response). Clayton did not submit a copy of the envelope in which he received the Order and Judgment, as directed. Instead, he contends that a copy of the envelope is on the Eleventh Circuit's docket. As for FCI McDowell, the warden responded that "[a] review … was conducted by our Supervisory Correctional Systems Specialist and revealed we do not have any mail logged for inmate Clayton." Warden's Response at 1.

The Federal Rules of Appellate Procedure permit a district court to reopen the time to file a notice of appeal under certain conditions. According to Rule 4, a district court:

> may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the Court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added). However, a party is not entitled to have the time to file an appeal reopened merely because he satisfies the criteria set forth in Rule 4(a)(6). Bazemore v. United States, 292 F. App'x 873, 875 (11th Cir. 2008). Although Rule 4(a)(6) authorizes a Court to reopen the time for filing an appeal – if and only if the Rule's conditions are satisfied – it does not require the Court to do so. Id. (citing Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C. Cir. 1996)). Rather, if a movant satisfies Rule

2

4(a)(6)'s requirements, the Rule simply vests the district court with the discretion to reopen the time for filing an appeal. See McDaniel v. Moore, 292 F.3d 1304, 1305 (11th Cir. 2002) (a district court's decision to deny a motion under Rule 4(a)(6) is reviewed for abuse of discretion).

By way of background, the Court entered an Order denying Clayton's § 2255 Motion on May 28, 2019, and it entered judgment on May 29, 2019. (Civ. Doc. 7, Order Denying § 2255 Motion; Civ. Doc. 8, Judgment). According to the "court only" version of the docket sheet, which contains docket entries that are accessible only to court staff, the Clerk's office mailed a copy of the Order and Judgment to Clayton on the same day the Court entered judgment, i.e., May 29, 2019. (Civ. Doc. 14-1, Court-Only Docket Sheet). The docket sheet does not show that the mail was returned as undeliverable, or that the Order and Judgment were resent, both of which are events that are required to be recorded on the docket. On August 14, 2019, more than 60 days after the Court entered Judgment, Clayton postmarked and filed a notice of appeal. (Civ. Doc. 9, Notice of Appeal). Thus, Clayton did not file the notice of appeal within the time required by Rule 4(a)(1)(B).

In the Notice of Appeal, Clayton states that he did not receive notice of the Order and Judgment until August 13, 2019. Notice of Appeal at 1. According to Clayton, the envelope containing the Order and Judgment was stamped as having been sent by the Clerk of Court on August 6, 2019 (something that would have been, but is not, reflected on the docket). Id. However, Clayton did not corroborate this claim by attaching the envelope either to the Notice of Appeal or to his Response to the Court's Order of December 17, 2019 (as directed). Instead, in his Response, Clayton states that when he received a copy of the Order and Judgment, to his knowledge "it had come correctly and

3

timely" such that he did not feel the need to attach anything to the Notice of Appeal to corroborate his claim that the Order and Judgment were only mailed on August 6, 2019. Clayton's Response at 4. But Clayton's own statements in the Notice of Appeal belie this assertion. In the Notice of Appeal itself, Clayton noted that the Order and Judgment had been entered on May 28 and May 29, 2019, respectively, and he made a point of stating that according to the mailing envelope, the Clerk of Court only mailed a copy of the Order and Judgment on August 6, 2019. Thus, Clayton's statement that he did not think he needed to attach a copy of the mailing envelope to the Notice of Appeal – because he believed the Order and Judgment "had come correctly and timely" – rings untrue.

Nevertheless, Clayton also states in his Response that as "soon as the Eleventh Circuit alerted the defendant of the situation the defendant sent the original mailed enevople [sic] from the Clerk of Courts with the dates of Aug 6, 2019 to the Eleventh Circuit Courts in an [sic] Judicial Notice and its [sic] on the docket sheet Case No (19-13207-J)." Clayton's Response at 4. So, the Court examined the Eleventh Circuit's docket in this case to see if this assertion was supported by the record.[2] It is not. On October 21, 2019, ten days after the Eleventh Circuit issued the limited remand, the Eleventh Circuit did receive from Clayton a "Notice to Clerk of Courts with Evidence & Exhibits." Clayton v. United States, No. 19-13207 (11th Cir.), Docket Entry of Oct. 21, 2019. However, contrary to his

---

[2] The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it … (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A docket sheet is a type of record that a court may judicially notice. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) ("We take judicial notice of the docket sheet in Adras in order to determine the identity of the defendants in that case."); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."). Accordingly, the Court takes judicial notice of both its own docket and the Eleventh Circuit's docket in this case.

4

statements to this Court, nowhere in that filing (or in any other) did Clayton submit a copy of the mailing envelope in which he received the Order and Judgment.

In short, Clayton asserts that the appeal period should be reopened because the Clerk of Court only mailed a copy of the Order and Judgment to him on August 6, 2019, but the record refutes this claim and Clayton has offered no support for it. This Court's docket sheet reflects that the Order and Judgment were mailed on May 29, 2019, and were not mailed out again. Clayton has failed to submit a copy of any mailing envelope purporting to show that the Clerk of Court only mailed the Order and Judgment on August 6, 2019, and while Clayton told the Court that he submitted a copy of the mailing envelope to the Eleventh Circuit Court of Appeals, the record refutes that claim. Thus, the Court finds no support for Clayton's contention that he only received the Order and Judgment in August because the Court sent it to him on August 6, 2019.

As an alternative, Clayton raises a new argument: that the Clerk of Court mailed a copy of the Order and Judgment to the wrong address, i.e., his previous address at FCI Yazoo City Low. Clayton submitted a printout from the Court's electronic filing system that supports this claim. (See Civ. Doc. 15-1, Clayton's Exhibit 1). Clayton's Exhibit 1 reflects that on May 29, 2019, the Clerk of Court mailed a copy of the Order and Judgment to Clayton at FCI Yazoo City Low, which is the same address from which he filed the § 2255 Motion. (Civ. Doc. 1, § 2255 Motion at 8). According to Clayton's inmate profile, which is maintained by the Bureau of Prisons, he was transferred to FCI McDowell on March 7, 2019 (Civ. Doc. 15-2, Clayton's Exhibit 2), so the Yazoo City mailing address was no longer accurate when the Clerk mailed him a copy of the Order and Judgment. However, Clayton failed to advise the Court of his new address by filing a notice of change of

address. Neither the docket in Clayton's civil § 2255 case or the related criminal case reflect that Clayton ever filed such a notice, which is required by the Court's § 2255 briefing order. That order, which was entered on May 9, 2016, instructed Clayton:

> 4. Petitioner shall advise the Court of any change of address by filing herein with the Clerk of Court a "Notice of Change of Address." Failure to do so resulting in the Court's inability to serve Defendant will cause the dismissal of this case for failure to prosecute.

(Civ. Doc. 3, § 2255 Briefing Order at 2, ¶ 4). The first time that the Court learned of Clayton's new mailing address was when he filed the Notice of Appeal from FCI McDowell.

Clayton asserts in a single parenthetical statement that he did "sen[d] the Clerk office an [sic] change of address." Clayton's Response at 3; see also Clayton's Supplemental Response at 1-2. However, he offers nothing to substantiate that conclusory assertion. Clayton states that Exhibit 2 to his initial response "clearly shows Clayton designated at FCI McDowell." (Civ. Doc. 15-2). But, this exhibit is from Clayton's "inmate profile," as stated at the top, which he obtained from BOP records, as indicated by the URL at the bottom. (Id.). The Court did not possess this information until Clayton submitted it to the Court on December 30, 2019. Notably, the Court has received – and the Clerk has docketed – every other item Clayton has submitted to the Court, including his pro se notice of appeal and pro se motion in the criminal case (Crim. Docs. 144, 146), a motion for extension of time to file a § 2255 motion (Crim. Doc. 159), the § 2255 Motion itself (Civ. Doc. 1), his reply to the government's response (Civ. Doc. 6), his Notice of Appeal (Civ. Doc. 9), and his Response to the Court's Order of December 17, 2019 (Civ. Doc. 15). The suggestion that Clayton submitted a notice of change of address, and that the Clerk of Court failed to receive or docket this particular filing and only this filing, is dubious, at best.

6

Upon consideration of the record and all of Clayton's various arguments, the Court rejects Clayton's contention that the Order and Judgment were not mailed to him until August 6, 2019. The Court further concludes that Clayton failed to notify the Court of his change of address, which explains why the Clerk mailed a copy of the Order and Judgment to Clayton's previous address at FCI Yazoo City Low. But this Court directed Clayton to advise of any change of address and warned Clayton that "[f]ailure to [file a notice of change of address] resulting in the Court's inability to serve Defendant will cause the dismissal of this case for failure to prosecute." § 2255 Briefing Order at 2, ¶ 4. Indeed, a § 2255 movant's failure to notify the district court of a change of address, resulting in the movant's failure to timely receive a copy of the order he seeks to appeal, is a sufficient reason not to reopen the time to appeal under Rule 4(a)(6). Bazemore, 292 F. App'x at 874-75; United States v. Kemp, 399 F. App'x 806, 807 (4th Cir. 2010) ("Because Kemp's failure to keep the court apprised of his address change led to his not receiving the court's orders, he is not entitled to relief under Rule 4(a)(6) for the same reason he was not entitled to relief under Rule 4(a)(5)."). "Even if [the Court] were to accept that [Clayton] met all the preconditions under Rule 4(a)(6), he still would not be entitled to an extension of time to file his appeal." Bazemore, 292 F. App'x at 875. Clayton "had not officially notified the [C]ourt of his change of address" at any point, and "[t]his fact alone is a sufficient basis for denying [Clayton's] motion to reopen." Id.

For all of the foregoing reasons, the undersigned concludes that the record in this action does not merit the reopening of the appeal period under Rule 4(a)(6). Accordingly, pursuant to the Eleventh Circuit Court of Appeals' limited remand and based on the foregoing discussion, it is hereby **ORDERED:**

7

1. Petitioner Arnold Clayton's Motion for Judicial Notice and Supplemental Response (Civ. Doc. 15) is **GRANTED** to the extent the Court has considered Exhibits 1 and 2 to the response (Civ. Docs. 15-1, 15-2).

2. Clayton's Notice of Appeal (Civ. Doc. 9), construed as a motion to reopen the time to file an appeal under Rule 4(a)(6), is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of June, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner

Clerk of Court
United States Court of Appeals for the Eleventh Circuit